IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GILBERTO HERNANDEZ,　§ | |
| 　　Plaintiff,　　　　　§ | |
| 　　　　　　　　　　　§ | |
| v.　　　　　　　　　　§ | Civil Action No. 3:14-CV-0022-BK |
| 　　　　　　　　　　　§ | |
| DALLAS INDEPENDENT SCHOOL §　 | |
| DISTRICT, et al.,　　　§ | |
| 　　Defendants.　　　　§ | |

## MEMORANDUM OPINION AND ORDER

This case is before the undersigned for determination pursuant to the parties' consent. Now before the Court is Defendants' *Second Motion to Dismiss or Alternatively, First Motion for Judgment on the Pleadings, Objections to Plaintiff's Pleading, First Amended Answer and Affirmative Defenses,* Doc. 36. For the reasons that follow, Defendants' motion is **GRANTED IN PART** and this case is **DISMISSED WITHOUT PREJUDICE**.

*Background*

This action stems from the nonrenewal of Plaintiff's employment contract with Defendant Dallas Independent School District ("DISD"). Plaintiff was an educator for DISD for 17 years, and was employed for the past 10 years as a bilingual teacher at Gilbert Cuellar Sr. Elementary School ("Cuellar"). Doc. 29 at 1. In October of the 2011–2012 academic year, Plaintiff reported to the Texas Education Agency ("TEA") his concerns about the lack of compliance with mandatory instruction of bilingual students by certified bilingual teachers at Cuellar. Doc. 29 at 4. Plaintiff made additional complaints to a number of authorities, including Child Protective Services and the DISD Office of Professional Responsibility ("OPR"), about Cuellar's non-compliance with DISD policies and other alleged misconduct by individual faculty members. Doc. 29 at 4, 10. As a result of his "whistleblower complaints," Plaintiff alleges he

was retaliated against by being subjected to unreasonably excessive visits to his classroom, receiving failing scores on annual evaluations, and, ultimately, the non-renewal of his employment contract.  Doc. 29 at 7, 12.

Plaintiff brought this *pro se* civil action on January 3, 2014,[1] and filed his second amended complaint on April 25, 2014.  Doc. 15.  Defendants' filed its *First Motion to Dismiss* on September 3, 2014, Doc. 23, which the Court granted in part, dismissing with prejudice all of Plaintiff's causes of action, except his claim under the Texas Whistleblower Act ("the Act" or "Whistleblower Act").  Doc. 28 at 15.  The Court granted limited leave to permit Plaintiff to specify which sections of title 19 of the Texas Administrative Code ("TAC") were allegedly violated by Defendants.  Doc. 28 at 15.  Plaintiff filed his third amended complaint, Doc. 29, on December 12, 2014, alleging that Defendant violated §§ 89.1201 (a)(3), 89.1201(d), 89.1210(a), 89.1210(b), 89.1210(c), 89.1210(c)(2), and 89.1210(c)(3) of title 19 of the TAC.  Doc. 29 at 3, 5, 7, 8, 9, 11, 12.

By the motion *sub judice*, Defendants seek dismissal of Plaintiff's Whistleblower Act retaliation claim under Rule 12(b)(6) for failure to state a claim and Rule 12(b)(1) for lack of subject matter jurisdiction.  Doc. 36 at 3-4.  Additionally, Defendants argue that the Court should decline to exercise supplemental jurisdiction because Plaintiff's claim "raises a novel or complex issue of State law."  Doc. 36 at 6.  Alternatively, Defendants move to strike Plaintiff's third amended complaint for failure to state his claims and defenses in number paragraphs.  Doc. 36 at 7.

---

[1] Plaintiff amended his complaint on January 17, 2014.  Doc. 3; Doc. 6.  Defendants moved for a more definite statement on January 21, 2014, Doc. 9, which the Court granted on April 11, 2014, Doc. 14.

In light of the previous dismissal of Plaintiff's federal causes of action for failure to state a claim, Doc. 28, and at Defendants' urging, the Court must now determine whether to retain jurisdiction of Plaintiff's remaining state law claim or to dismiss without prejudice to said claim being brought in state court.

*Applicable Law*

Federal courts may, under limited circumstances, exercise jurisdiction over state law claims:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). However, a district court *may* decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3) (emphasis added). While the court's decision is discretionary, the Supreme Court of the United States has ruled that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Moreover, the Court of Appeals for the Fifth Circuit has held that "[w]hen a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)).

In determining whether to retain supplemental jurisdiction over a remaining state court claim, a federal court considers both statutory and common law factors. *Enochs v. Lampasas County*, 641 F.3d 155, 159 (5th Cir. 2011). The applicable statutory factors are whether: (1) the

3

state claims raise novel or complex issues of state law; (2) the state claims substantially predominate over the federal claims; (3) the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for the Court to decline to exercise jurisdiction.  *Id.*  The related common law factors are:  (1) judicial economy; (2) convenience; (3) fairness; and (4) comity.  *Id.*

*Application*

Upon review, the Court finds that the balance of the statutory and common law factors weighs in favor of the Court declining to retain jurisdiction of Plaintiff's remaining state law claim.  This case is still in its relative infancy: little or no discovery has occurred and the Court has not expended any time on a determination of the merits.  Ostensibly, a Dallas state court is just as convenient a forum as a federal court sitting in Dallas.  Compelling, however, is the fact that no claims remain over which this court has original jurisdiction, and the only cognizable claim raised by Plaintiff is based solely on Texas statutes.  This Court concludes that justice would be best served by a Texas state court applying and interpreting Texas statutes.  *See Richards v. City of Weatherford*, 145 F. Supp. 2d 786, 793 (N.D. Tex. 2001) (following dismissal of all federal claims under Rule 12(b)(6), finding that "claims under the Texas Open Meetings Act and Texas Whistle blower Act[] involve issues of local government that are more properly determined by Texas state courts").

For the foregoing reasons, Defendant's *Second Motion to Dismiss or Alternatively, First Motion for Judgment on the Pleadings, Objections to Plaintiff's Pleading, First Amended Answer and Affirmative Defenses,* Doc. 36, is **GRANTED IN PART**, and this case is **DISMISSED WITHOUT PREJUDICE**.  *See Bass,* 180 F.3d at 246 ("dismissal of the pendent claims should expressly be without prejudice so that the plaintiff may refile his claims in the

4

appropriate state court").[2]  Because the Court declines to continue to exercise supplemental jurisdiction over Plaintiff's sole remaining state law claim, Defendants' other arguments are not reached.

    SIGNED November 4, 2015.

                                        RENEE HARRIS TOLIVER  
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] Pursuant to 28 U.S.C. 1367(d), the limitations period for Plaintiff's claim under the Texas Whistleblower Act is tolled during the period the claim was pending in this Court and for 30 days after this order of dismissal, unless State law provides for a longer tolling period.